UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| OSCAR MARCUS WARD, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:23-CV-44-HEA |
| PIKE COUNTY DETENTION CENTER, | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is a filing submitted by self-represented Plaintiff Oscar Marcus Ward, III, an inmate at the Pike County Detention Center. In the filing, Plaintiff provides a long narrative statement about numerous allegedly unconstitutional conditions at the facility. It is apparent that Plaintiff wishes to initiate a civil rights action. However, the filing contains no allegations that can be liberally construed to state a plausible claim for relief. Additionally, Plaintiff has not paid the required $402 filing fee for this action, nor has he filed an Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified copy of his inmate account statement. Finally, Plaintiff did not draft the filing on the proper form, and as a result, important information was omitted. *See* E.D. Mo. Local Rule 2.06(A).

The Court will give Plaintiff the opportunity to file an amended complaint on the proper form, and to either pay the $402 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. If Plaintiff chooses to file an Application to Proceed in District Court Without Prepaying Fees or Costs, he must also file a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff is advised that if his Application to Proceed in District Court Without Prepaying Fees or

Costs is granted, he will remain responsible for paying the full amount of the $402 filing fee, but will be allowed to do so in monthly installments. *See* 28 U.S.C. § 1915(b).

Plaintiff is advised that the amended complaint will replace the original filing. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, Plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's Application to Proceed in District Court Without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must file an amended complaint on the Court's form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must either pay the $402 filing fee, or file a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by certified copy of his inmate account statement for the preceding six-month period.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 13th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE